[Crim. No. 3051.   Third Dist.   Feb. 15, 1960.]

In re ELMER R. TINSLEY, on Habeas Corpus.

Elmer R. Tinsley, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Petitioner herein filed application for a writ of habeas corpus. He seeks to have a judgment declared void and the sentence imposed thereunder set aside. We issued an order to show cause and respondent made return. The following appears:

In 1954, petitioner was convicted of robbery in the first degree, robbery in the second degree, and kidnapping for the purpose of robbery. He was sentenced to the state prison for the terms prescribed by law. In 1955 judgment was entered upon petitioner's plea of guilty to a charge of violation of section 182, subdivision 1, of the Penal Code, in that he conspired to escape from a state prison in violation of section 4530 of the same code. Petitioner seeks to have this judgment declared void because contrary to express provisions of section

4530 it directed that his term of imprisonment thereunder should run concurrently with that which he was then serving under the 1954 judgment. Section 4530 provides:

"Every prisoner confined in a state prison who escapes or attempts to escape therefrom, is punishable by imprisonment in a state prison for a term of not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison."

■■ The provisions of section 4530 are mandatory and prevail over those of section 669 of the Penal Code. (*In re McManus,* 123 Cal.App.2d 395, 401 [266 P.2d 929].) ■■ Consequently, the trial court was not empowered to order that his term of imprisonment for violation of section 4530 should run concurrently with those sentences that he was currently serving. That part of the judgment so providing must be disregarded. (*In re Rye,* 152 Cal.App.2d 594, 596 [313 P.2d 914].) But that part of the judgment sentencing petitioner to "the term prescribed by law" is valid. ■■ Ordinarily we would merely so declare and hold that petitioner's term of imprisonment for his violation of section 4530 will "commence from the time he would otherwise have been discharged from said prison." (*In re Rye, supra.*) However, due to the facts hereinafter related, we have determined that the writ of habeas corpus should be granted and petitioner remanded to the custody of the Sheriff of the County of Marin to be brought before the Superior Court of that county for arraignment for judgment respecting his violation of section 4530. (*In re Bartges,* 44 Cal.2d 241, 248-249 [282 P.2d 47].)

It is admitted that petitioner was induced to enter his plea of guilty to the charge of conspiring to violate section 4530 by an understanding between the court, the district attorney, defense counsel and himself, that if he did so plead the court would direct that his term of imprisonment for that offense should run concurrently with that which he was then serving. This was done through a mistaken belief that the court could lawfully so order and it appears without dispute that petitioner relied upon the understanding when he entered his plea. Thereafter a question arose as to the legality of that part of the sentence we have declared void and the Department of Corrections now considers petitioner to be under a consecutive term judgment. A letter from the district attorney who participated in the foregoing appears in the record here. Therein, with commendable frankness and fairness, he relates the fore-

going facts and expresses his concern that by such mutual mistake petitioner has been, as he puts it, ''defrauded by the State.'' Under these circumstances it may well be that when petitioner is arraigned for judgment the court will favorably entertain an application under section 1018 of the Penal Code for a withdrawal of petitioner's plea of guilty if such application is made. This appears to be the fairest disposition of the matter that can presently be made.

The petition for a writ of habeas corpus is granted, and the petitioner is remanded to the custody of the Sheriff of the County of Marin, to be brought before the superior court in that county for arraignment for judgment. Nothing herein shall be considered as interfering with respondent's custody of petitioner under the judgments of robbery, first and second degree and kidnapping for the purpose of robbery hereinbefore referred to, save so far as necessary to carry out the order hereinabove made.

Peek, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.