**Michael R. BURGENER, on behalf of himself and all other persons similarly situated, Plaintiff,**

**v.**

**CALIFORNIA ADULT AUTHORITY et al., Defendants.**

**No C–74–1631–CBR.**

United States District Court,
N. D. California.

Jan. 26, 1976.

Lynn S. Carman, San Rafael, Cal., Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen. of Cal., Jack R. Winkler, Edward P. O'Brien, Derald E. Granberg, John T. Murphy, San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

RENFREW, District Judge.

Petitioner, a prisoner in state custody at San Quentin State Prison, Tamal, California, filed this civil rights complaint and petition for habeas corpus on August 5, 1974, under 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. §§ 2201, 2202, 2241 and 2254, on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated. He seeks declaratory and injunctive relief. Specifically, petitioner asks the Court to declare, *inter alia*, (1) that California's Indeterminate Sentence Law, California Penal Code §§ 1168 and 3020, is unconstitutional on its face as violative of the Speedy Trial Clause of the Sixth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; (2) that petitioner and the members of the purported class have a right to a final fixing of their prison terms within six months of the date of their incarceration; and (3) that all persons incarcerated in California State Prisons for more than six months whose prison terms have not been finally fixed are entitled to be released upon serving the minimum period prescribed by the California Penal Code for their respective offenses.

Petitioner further seeks a permanent injunction requiring the California Adult Authority, *inter alia*, (1) to determine the sentences of petitioner and other prisons similarly situated; (2) to release forthwith petitioner and all members of the purported class who have completed their minimum terms; (3) to submit to the Court a list of the criteria and a statement of the procedures by which prison terms shall be fixed at hearings; and (4) to accord prisoners the right to counsel, appointed and paid for by the State when appropriate, to represent them at term-fixing hearings, and the right to the same process at those hearings that is due at a sentencing hearing before a court. Petitioner also seeks appointment of counsel, costs and attorneys' fees.

On September 23, 1974, respondents moved to dismiss on the grounds that the petition fails to state a claim upon which relief can be granted, and that petitioner had not exhausted state remedies prior to petitioning this Court for a writ of habeas corpus, as required by 28 U.S.C. § 2254(b). On November 6, 1974, petitioner filed a notice of requirement of a three-judge district court. Respondents' motion to dismiss was heard before a single judge on November 13, 1974. The Court dismissed respondent California Adult Authority but, as to the other respondents, denied the motion on the ground that a three-judge district court should be convened. On November 15, 1974, the Chief Judge of this Circuit appointed a three-judge court.

Counsel for petitioner were appointed on December 3, 1974, pursuant to 18 U.S.C. § 3006A(g). Following a lengthy period of inactivity on the part of petitioner's counsel, respondents filed a second motion to dismiss on August 13, 1975, based essentially on the same grounds set forth in their earlier motion. On September 8, 1975, petitioner filed a motion seeking an order permitting voluntary dismissal of the class action aspects of this case, and also summary judgment in favor of petitioner's individual constitutional claims. These motions, and respondents' motion to dismiss, were argued before the three-judge court at a hearing held on October 23, 1975.

By order dated January 26, 1976, the three-judge court ruled upon the civil rights aspects of the lawsuit as follows: petitioner's motion for summary judgment on his individual claims was denied; respondents' motion to dismiss the individual claims was granted; and the class action allegations of the complaint were dismissed. The three-judge court also held that the single-judge court has jurisdiction to determine the constitutionality of a state statute challenged in a habeas corpus proceeding, and, accordingly, remanded to this Court petitioner's

individual habeas corpus claims. It is incumbent upon this Court, then, to consider the claims petitioner raises in his petition for habeas corpus.

Preliminarily, the Court notes that it has read with great care the many criticisms of the indeterminate sentence law set forth in petitioner's briefs and in the accompanying affidavits. Candor compels the Court to acknowledge its general agreement with those criticisms and its personal dislike for California's indeterminate sentencing system. While the indeterminate sentence law may have represented a well-intentioned, indeed enlightened, experiment in criminal sentencing when it was enacted nearly sixty years ago, it is clear, in the Court's opinion, that the experiment has proved a failure. Others, of course, share this view; the Attorney General of California has himself recently urged abolition of the indeterminate sentencing system and has stated that he will soon introduce legislation to achieve that result.

Whatever the Court's personal preference, however, the policy decision to retain or abolish the indeterminate sentencing system is one uniquely within the competence of the Legislature. This Court's scope of inquiry is necessarily more limited. Though that inquiry is limited, and though it appears that the law challenged here may soon be changed, the Court cannot shirk its responsibility to face squarely at this time the constitutional claims petitioner raises.

██ Petitioner relies upon four constitutional guarantees in support of his petition: the rights to a speedy trial, to due process of law, to equal protection of the laws, and to be free from cruel and unusual punishment. Petitioner had previously filed two petitions for writs of habeas corpus in state courts, both of which were denied. The first was filed in the Superior Court in Marin County, California, and the second in the California Supreme Court. The latter petition raised only two of the constitutional arguments presented here. As petitioner's counsel formulated the legal issues in that petition:

"Decision by the California Supreme Court is required to settle an important question of law, to wit:

"(1) Does the Speedy Trial Clause of the Sixth Amendment and of Article I, Section 13 California Constitution require speedy *final* fixing of the period of imprisonment, and therein is the California Indeterminate Sentence Law, (Sections 1168 and 3020 Penal Code), unconstitutional upon its face?

"(2) Does the Equal Protection Clause of the Fourteenth Amendment and of the California Constitution Article I, Sections 11 and 21 and Article IV, Section 16 require speedy *final* fixing of the period of imprisonment, and therein is the California Indeterminate Sentence Law unconstitutional upon its face?

"(3) Similarly, does the failure of the State of California to finally fix the period of imprisonment of petitioner and the class, within six months of their reception by the Director of Corrections, violate each and all of the foregoing Speedy Trial and Equal Protection rights guaranteed by the federal and state constitutions?" Petition for Habeas Corpus at 4–5, *Burgener v. Nelson*, Criminal No. 17627 (Cal., June 5, 1974).

Thus, it is clear that petitioner has exhausted state remedies only with respect to the Sixth Amendment and Equal Protection arguments.[1] Petitioner has not

---

1. In his petition for a writ of habeas corpus in the Superior Court, petitioner put forth an additional constitutional argument—that he had been denied due process of law—in support of his claim that his rights had been violated by the failure of the California Adult Authority to fix his term of imprisonment. However, the Court does not believe that petitioner can now be said to have exhausted his remedies in state court on the due process claim. The Superior Court denied petitioner's petition without opinion or citation barely seven hours after it was submitted, and petitioner did not renew the due process argument in either the state Court of Appeal or Supreme Court. Under these circumstances, it seems clear that the due proc-

alleged facts which would indicate that, in the circumstances of this case, the state remedy is inadequate to protect his rights under the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment, 28 U.S.C. § 2254(b); *Preiser v. Rodriguez,* 411 U.S. 475, 496–497, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), nor has he alleged that because of clear adverse rulings by the state courts, resort to those courts would be futile, *Mozingo v. Craven,* 341 F.Supp. 296, 299–300 (C.D.Cal., 1972), aff'd, 475 F.2d 1254 (9 Cir. 1973). Therefore, the Court will dismiss petitioner's due process and Eighth Amendment claims for failure to exhaust state remedies.[2]

■ Petitioner contends that California's indeterminate sentence law denies him his Sixth Amendment right to a speedy trial because it does not require final fixing of his sentence within six months of the date of his conviction. In support of this argument petitioner relies upon a large number of cases holding that sentencing is an integral part of a criminal prosecution and, therefore, that an unreasonable post-conviction delay in imposing sentence may under some circumstances constitute a denial of the right to a speedy trial. Petitioner maintains that a sentence imposed by the trial court pursuant to the California indeterminate sentence law "is not a final sentence at all but purely and only an interlocutory sentence" (Brief for Petitioner, at 54), and hence prosecution is not completed until the final sentencing act of fixing the term is accomplished.

The Court disagrees. Under California law an indeterminate sentence is not an interlocutory sentence but is a final, appealable sentence. California Penal Code § 1237. It is well established that the imposition by the trial court of the sentence prescribed by law terminates the judicial proceedings, even though the sentence imposed be for an indeterminate period. Proceedings before the California Adult Authority are not, as plaintiff maintains, merely a continuation of the defendant's trial, nor does the indeterminate sentence law transfer the sentencing function to the Adult Authority. The California Supreme Court in *In re Minnis,* 7 Cal.3d 639, 102 Cal.Rptr. 749, 757, 498 P.2d 997, 1005 (1972),[3] rejected the contention that proceedings before the Adult Authority to revoke parole or to fix sentence deprive a prisoner of due process because there is no right to representation at the sentencing, and violate the proscription against double jeopardy because the prisoner is forced to undergo two or more trials and sentences on the same charge. The court stated:

"This dual contention is based upon the incorrect assumption that proceedings before the Authority constitute a trial. However, judicial proceedings terminate when conviction is announced and sentence, albeit for an indeterminate period, is imposed. (*In re Sandel* (1966), 64 Cal.2d 412, 415–416, 50 Cal.Rptr. 462, 412 P.2d 806.) Proceedings before the Authority are administrative in nature. (*In re Schoengarth,* supra, 66 Cal.2d 295, 304, 57 Cal.Rptr. 600, 425 P.2d 200; see also *In re Sandel,* supra, 64 Cal.2d at pp. 415–416, 50 Cal.Rptr. 462, 412 P.2d 806.)"

---

ess claim has not been fully heard or considered in the state courts and, therefore, that it would be inappropriate for this Court to consider it now.

2. Even were the Court to reach the merits of petitioner's due process claim, the Court finds it difficult to believe petitioner's position would prevail in light of the reasoning set forth in *People v. Wingo,* 14 Cal.3d 169, 121 Cal.Rptr. 97, 107–109, 534 P.2d 1001 (1975), and *In re Rodriguez,* 14 Cal.3d 639, 122 Cal. Rptr. 552, 561–562, 537 P.2d 384 (1975).

3. The Adult Authority, however, is not completely free of constitutional constraints in administering the provisions of the indeterminate sentence law, as has been made clear by recent decisions of the California Supreme Court. E. g., *In re Lynch,* 8 Cal.3d 410, 105 Cal.Rptr. 217, 223–226, 503 P.2d 921 (1972) (in bank); *People v. Wingo, supra,* 121 Cal.Rptr. at 107–109, 534 P.2d 1001; *In re Rodriguez, supra,* 122 Cal.Rptr. at 561–565, 537 P.2d 384.

Petitioner has cited no authority for the proposition that the right to a speedy trial extends beyond sentencing by the trial court to the fixing of a defendant's period of incarceration, and understandably so, for the Sixth Amendment right to a speedy trial is intended to serve other purposes:

> "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

In the Court's opinion, none of these underlying policy objectives is frustrated by California's indeterminate sentence law. The Court holds that that law is not unconstitutional on its face as violative of the Sixth Amendment right to a speedy trial.

The Court finds even less merit in petitioner's claim that California's indeterminate sentence law on its face deprives him of equal protection of the laws by failing to require a final fixing of his sentence within six months. Petitioner argues that all litigants, whether civil or criminal, receive a prompt decision finally fixing their rights, liabilities and penalties, with the sole exception of convicted felons. By way of explanation, petitioner points out that in California misdemeanants are sentenced by the trial court to a fixed term, and that civil litigants when suing for monetary damages receive judgment for a sum certain and not, for example, for an amount "between $1 and $1,000,000." Brief for Petitioner, at 67. Imposing indeterminate sentences on felons and failing to fix their sentences within six months, petitioner contends, constitutes a callous, arbitrary, cruel and irrational distinction.

The Fourteenth Amendment guarantee of equal protection of the laws does not, of course, require that all persons be dealt with identically. Rather, when distinctions are drawn, the Constitution mandates that the state justify them by showing either a rational relationship between the classification and the state interest to be served thereby, or, in certain limited situations, by showing a compelling state interest. Here the Court is firmly convinced that California is eminently justified in distinguishing the final disposition reached in other, quite dissimilar, litigation from the indeterminate sentences imposed upon convicted felons. California's indeterminate sentence law is not unconstitutional on its face as violative of the Equal Protection Clause of the Fourteenth Amendment because it does not provide for final fixing of prison terms within six months of incarceration.

In sum, petitioner has not shown that he is entitled to a writ of habeas corpus. Accordingly,

It is hereby ordered that petitioner's motion for summary judgment on his petition for a writ of habeas corpus is denied.

It is hereby further ordered that the petition for a writ of habeas corpus on the grounds that petitioner has been denied due process of law and subjected to cruel and unusual punishment is dismissed without prejudice for failure to exhaust state remedies, as required by 28 U.S.C. § 2254(b).

It is hereby further ordered that respondents' motion to dismiss the remaining claims in petitioner's petition for a writ of habeas corpus is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and these claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).