Filed 4/28/25  P. v. Mora CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN EDWARD MORA,<br><br>    Defendant and Appellant. | B330297<br><br>(Los Angeles County<br>Super. Ct. No. KA115880) |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Sentence vacated and remanded with directions.

Adrian K. Panton, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, we consider whether the unauthorized sentence doctrine confers to a trial court jurisdiction to resentence a defendant that it otherwise lacks. We conclude that it does not.

## FACTS AND PROCEDURAL HISTORY

In two separate incidents in July 2017, Ruben Edward Mora robbed banks by convincing tellers that he was armed. Mora did not harm anyone in the commission of the offenses.

In 2018, the jury found Mora guilty of two counts of second degree robbery. (Pen. Code,[1] § 211.) Judge Camacho, who presided at trial, found true the allegations that, as to both counts, Mora had been convicted of two prior burglaries (§ 459), which were serious and/or violent felonies within the meaning of section 667, subdivision (a)(1), and within the meaning of the Three Strikes law (§§ 667 (b)-(j) & 1170.12).

Mora moved, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, to strike the two prior burglary convictions for purposes of the Three Strikes law. Judge Camacho considered the remoteness and the nature of the burglaries—in which no one was harmed and all property was recovered—against Mora's ongoing criminal history. The judge denied Mora's *Romero* motion, but ran the two 25 years to life strike sentences concurrently and exercised his discretion to strike the two prior convictions for purposes of the five-year enhancements alleged pursuant to section 667, subdivision (a)(1). Judge Camacho observed that the 25 years to life sentence was

_____

[1] All further statutory references are to the Penal Code.

2

"Draconian" but still "a just and fitting punishment for the present conduct, also given the defendant's prior criminal history."

Mora timely filed an appeal, but later abandoned the appeal on the advice of counsel.

In 2022, Mora filed a petition for habeas corpus in the superior court alleging that he had forfeited his appeal due to counsel's ineffective assistance. Mora did not challenge his sentence in the petition. Mora attached to the habeas petition a letter from counsel informing Mora that the trial court had improperly imposed an unauthorized sentence that was highly favorable to Mora. The letter explained that under the Three Strikes law, the trial court was required to impose the two 25 years to life prison terms consecutively, for a total of 50 years to life. The court had instead imposed the two 25 years to life sentences concurrently. Counsel believed that if Mora pursued his appeal the appellate court would correct his unauthorized sentence and Mora's prison term would be doubled. Because counsel did not believe that any of the other issues Mora could raise were likely to succeed, counsel urged Mora to abandon the appeal.

The petition for habeas corpus was assigned to Judge Juan C. Dominguez, who summarily denied the petition. Judge Dominguez also set the matter for recall and resentencing to correct the unauthorized sentence that defense counsel identified in the letter. Mora opposed resentencing. He argued that, having summarily denied his habeas petition, the court lacked jurisdiction to resentence him.

In April 2023, Judge Dominguez held a resentencing hearing at which counsel again argued the court lacked

3

jurisdiction to resentence Mora. Alternatively, counsel requested that the court transfer the matter to Judge Camacho for a full resentencing.

Judge Dominguez found that the court had jurisdiction because the 25 years to life sentence Judge Camacho had imposed was unauthorized pursuant to section 1170.12, subdivision (a)(7) and section 667, subdivision (a)(6). Those Penal Code sections require the court to impose consecutive sentences when a defendant's current conviction is for more than one felony and the crimes are not committed on the same occasion and do not arise from the same set of operative facts. Judge Dominguez stated that if, as here, a sentence is unauthorized, the sentence must be vacated and a proper sentence imposed whenever the mistake is brought to the attention of the court. Mora brought the mistake to the attention of the court by attaching counsel's letter to his habeas petition, so the court was bound to correct it.

Judge Dominguez also denied Mora's request to transfer the matter to Judge Camacho, stating that Judge Camacho had no discretion to exercise in resentencing Mora. However, Judge Dominguez observed that if Judge Camacho did have discretion, he would have transferred the case to Judge Camacho. Judge Dominguez conducted a full resentencing pursuant to section 1172.1.[2]

---

[2] Judge Dominguez stated that he was resentencing Mora pursuant to section 1170.03; however, this is inaccurate because prior to the hearing, the Legislature renumbered section 1170.03 to section 1172.1. (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2.) The Legislature made no substantive changes to the statute at that time. (*Ibid*.)

He denied Mora's *Romero* motion and resentenced Mora to 50 years to life in prison.[3]  Mora timely appealed.

## DISCUSSION

The sole issue Mora raised in the opening brief is whether Judge Dominguez erred by refusing to transfer Mora's case to Judge Camacho for resentencing.[4]  After we conducted our initial review of this matter, we invited the parties to submit supplemental briefing addressing whether the court had jurisdiction to resentence Mora.  (See *People v. Boyd* (2024) 103 Cal.App.5th 56 (*Boyd*); *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*); *People v. King* (2022) 77 Cal.App.5th 629 (*King*).)

### A.  *Legal Background*

An order denying a habeas corpus petition is final when filed.  (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064, fn. 5, citing *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

---

[3] The judge did not address the section 667, subdivision (a)(1) enhancements at the resentencing hearing, and the minute order and abstract of judgment do not reference the enhancements.

[4] Because we conclude that Judge Dominguez lacked jurisdiction to resentence Mora, we do not reach the issue of whether it was error not to transfer the case to Judge Camacho. We note, however, that where, as here, the superior court conducts a full resentencing, the better practice is to transfer the matter to the judge who originally sentenced the defendant if that judge is available.

"Courts have long recognized the general common law rule that 'a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant.' [Citations.]" (*King, supra*, 77 Cal.App.5th at p. 636.)

There are exceptions to the common law rule. At the time that Mora was resentenced, section 1172.1, subdivision (a) gave a trial court "the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials." (*King, supra*, 77 Cal.App.5th at p. 637.) "The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ 1170.95 [(now 1172.6)], 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. [Citation.] And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*Ibid*.)

The Courts of Appeal are divided regarding whether the unauthorized sentence doctrine is another exception to the rule that a court loses jurisdiction once execution of sentence has commenced. "A sentence is ' "unauthorized" ' where it could not lawfully be imposed under any circumstance in the particular case' [citation], and it 'is subject to being set aside judicially' [citation]." (*Boyd, supra*, 103 Cal.App.5th at p. 65.) The doctrine permits correction of an unauthorized sentence " 'even after execution of the sentence has begun.' [Citation.]" (*Ibid*.)

6

In *In re G.C.* (2020) 8 Cal.5th 1119, 1122 (*G.C.*), G.C. challenged the juvenile court's failure, in its dispositional order, to declare G.C.'s "wobbler" offense either a misdemeanor or a felony pursuant to Welfare and Institutions Code section 702. G.C. failed to timely appeal the dispositional order, but purported to appeal from a subsequent dispositional order on that basis. (*Ibid.*) Among other things, G.C. argued that the juvenile court's failure to comply with the statute created an unauthorized sentence that could be corrected at any time. (*Id.* at p. 1129.) The Supreme Court held that G.C. could not challenge the juvenile court's failure to comply with its statutory duty after the time to appeal the first dispositional order had expired. (*Id.* at p. 1122.) The Supreme Court rejected the contention because it concluded that (1) the sentence was not unauthorized, and (2) the unauthorized sentence doctrine is an exception to the waiver rule that does not waive the requirement that a court have jurisdiction. (*Id.* at pp. 1029–1030.) The court explained that "to invoke this rule [that an unauthorized sentence may be corrected at any time] the court must have jurisdiction over the judgment." (*Id.* at p. 1130.) "The unauthorized sentence doctrine will not serve to remedy [a] defect [in jurisdiction]." (*Ibid.*)

In *King, supra*, 77 Cal.App.5th 629, the Court of Appeal, Second District, Division Two, relied on *G.C., supra*, 8 Cal.5th 1119, to hold that the unauthorized sentence doctrine does not create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an allegedly illegal sentence after the conviction is final and the execution of the sentence has begun. In 1986, King was sentenced to 105 years in prison. (*Id.* at p. 633.) In 2021, King filed a motion to vacate an unauthorized sentence with respect to one of the counts of which

he was convicted.  (*Ibid*.)  The superior court denied the motion on the ground that the original sentence was correct.  (*Ibid*.)  The appellate court agreed with King that the sentence was unauthorized, but found that the trial court lacked jurisdiction to rule on the motion, and therefore the appellate court lacked jurisdiction to entertain the appeal.  (*Id*. at pp. 633–634.)  The Court of Appeal explained that although, as a general principle, "an unauthorized sentence may be corrected 'at any time[,]' . . . [a]mong the many cases that cite the principle, most assume that a court always has *jurisdiction* to correct an unlawful sentence, no matter when or how the issue arises."  (*Id*. at p. 634.)  The court held that the unauthorized sentence doctrine is an exception to the waiver doctrine; the unauthorized sentence doctrine is not an exception to the requirement that a court must have jurisdiction and the doctrine cannot create jurisdiction where there is none.  (*Id*. at p. 637.)  King's "freestanding motion" was "not a proper procedural mechanism to seek relief," and did not confer jurisdiction on the superior court.  (*Id*. at p. 640.)  The appellate court dismissed King's appeal (*id*. at pp. 641–642), but noted that a "defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus" (*id*. at p. 640).

In *Codinha, supra*, 92 Cal.App.5th 976, the Department of Corrections and Rehabilitation informed the superior court by letter that the court had imposed an unauthorized sentence in Codinha's case.  In response to the letter, the superior court ordered the sentence corrected, which resulted in a greater sentence.  (*Id*. at p. 983.)  Codinha appealed the order.  He acknowledged the court's authority to correct the sentence, but argued that the court was not authorized to do so on the basis of

8

the letter.  (*Id*. at pp. 983–984.)  Codinha asserted that the superior court's authority must be based on section 1172.1 or the unauthorized sentence doctrine, and in either case the court was required to conduct a full resentencing.  (*Ibid*.)  The Court of Appeal, Fourth District, Division One, held that the superior court had authority to resentence Codinha under the unauthorized sentence doctrine.  (*Id*. at pp. 988–993.)  The Court of Appeal declined to follow *King* because it believed that *King* interpreted *G.C.* too broadly.  (*Id*. at pp. 992–993.)  The court characterized the issue in *G.C.* as "whether the appellate court had jurisdiction in an appeal from a dispositional order in a juvenile delinquency proceeding to correct an allegedly unauthorized dispositional order made by a different juvenile court in a prior proceeding concerning different offenses when the prior order had not been timely appealed."  (*Id*. at p. 992.)  The *Codinha* court observed that in *G.C.* the Supreme Court "did not consider whether a trial court in an adult criminal proceeding has jurisdiction to correct its own unauthorized sentence whenever the error comes to its attention.  It did not disapprove, nor even mention, the body of case law . . . that acknowledges the existence of such jurisdiction."  (*Id*. at p. 993.)  *Codinha* identified and discussed several Supreme Court cases that the appellate court viewed as holding that the unauthorized sentence doctrine confers jurisdiction to correct an unauthorized sentence.  (*Id*. at pp. 984–-993 [discussing *People v. Karaman* (1992) 4 Cal.4th 335 (*Karaman*); *People v. Serrato* (1973) 9 Cal.3d 753 (*Serrato*); *In re Sandel* (1966) 64 Cal.2d 412 (*Sandel*)].)  *Codinha* concluded that "the line of Supreme Court cases recognizing an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after

9

execution of the invalid sentence has begun or the judgment has become final [citation], remains valid and authorized the trial court to modify Codinha's sentence in response to the Department's letter." (*Id.* at p. 993.)

In *Boyd*, *supra*, 103 Cal.App.5th 56, at page 61, Boyd, who had served almost two decades of his 27-year prison sentence, moved for resentencing on the basis that the trial court miscalculated his custody and conduct credits. The People conceded the error and the court awarded Boyd additional days of credit. (*Ibid.*) Boyd appealed, arguing that he was entitled to full resentencing. (*Ibid.*) On its own motion, the court ordered the parties to address whether the court had jurisdiction to address Boyd's motion although his sentence had been made final many years earlier. (*Ibid.*) The appellate court discussed the split of authority, and agreed with the approach taken in *King*. (*Ibid.*) The court gave two reasons for declining to follow *Codinha*. (*Id.* at pp. 67–68.) First, in *G.C.*, *supra*, 8 Cal.5th 1119, and other cases, the Supreme Court identified "the unauthorized sentence doctrine as ' "an exception to the *waiver* doctrine." ' (*In re G.C.*, *supra*, 8 Cal.5th at p. 1129.)" (*Id.* at p. 67.) Second, none of the cases Codinha cited "hold that trial courts can act to correct unauthorized (or unlawful or invalid) sentences outside of a habeas petition or some other posture where they independently have jurisdiction to do so." (*Id.* at p. 68.) The *Boyd* court continued: "We are unaware of any controlling authority holding that trial courts possess inherent jurisdiction to correct unauthorized sentences where cases are final. To the contrary, the availability of habeas relief to correct unauthorized sentences suggests that trial courts do not have inherent jurisdiction to correct such sentences, as habeas relief would be superfluous if a

10

freestanding trial court motion could at any time achieve the same result without the procedural limitations that habeas law imposes." (*Ibid*.)

## B.    *Analysis*

Both parties filed supplemental briefing.  Mora contends that the court lacked jurisdiction to resentence him, and urges us to follow *Boyd* and *King*.  The People, relying on *Codinha*, disagree.  We agree with *Boyd* for the reasons stated therein.  As *Boyd* explained, in all of the cases that *Codinha* cited, the court had jurisdiction independent of the unauthorized sentence doctrine.  (See *Boyd*, *supra*, 103 Cal.App.5th at p. 67 [explaining that in *G.C.* the minor appealed from a dispositional order in a juvenile delinquency proceeding; in *Karaman* the court had ordered a brief stay prior to execution of the sentence; in *Serrato* the defendant appealed from an " 'order granting probation, such an order being a judgment for the purpose of appeal' "; and *Sandel* involved a petition for a writ of habeas corpus].)  There is no conflict between the Supreme Court's opinions in *G.C.*, *Karaman*, *Serrato*, and *Sandel* and the opinions of the Courts of Appeal in *King* and *Boyd*.  In our view, *G.C.* described the application and scope of the unauthorized sentence doctrine clearly:  the unauthorized sentence doctrine " 'is an exception to the *waiver doctrine* [citation], not to the *jurisdictional* requirement. . . .' "  "to invoke this rule the court must have jurisdiction over the judgment." (*In re G.C.* (2020) 8 Cal.5th 1119, 1129.)  We conclude that the superior court, which summarily denied Mora's petition for habeas corpus, lacked

11

jurisdiction to resentence Mora.  (*Jackson v. Superior Court*, *supra*, 189 Cal.App.4th at p. 1064, fn. 5.)

The People do not contest that, if we determine the superior court lacked jurisdiction as we have, the superior court lacked *fundamental* jurisdiction, which renders its order void, not voidable.  (*Boyd*, *supra*, 103 Cal.App.5th at p. 71.)  Regardless, they argue that vacating the sentence in Mora's case would " 'needlessly exalt[] form over substance' " because the superior court could have resentenced Mora prior to denying his habeas petition, and "a later resentencing is inevitable."  The People assert that "denying the trial court the authority to correct the unauthorized sentence accomplishes nothing more than delaying an order that is legally correct."  They cite *People v. Lopez* (2025) 17 Cal.5th 388, 400 to argue that "the California Supreme Court has cautioned against limiting the scope of a trial court's jurisdiction in way that will do nothing more than 'tax judicial resources' by requiring multiple appeals."  *Lopez* does not support the People's argument, however.  There, the Supreme Court emphasized that "the superior court had jurisdiction to provide relief under applicable ameliorative laws, such as Assembly Bill [No.] 333, after the case was conditionally reversed and remanded to correct a sentencing error."  (*Lopez*, at p. 400.)  The Supreme Court did not confer jurisdiction upon a lower court for the sake of judicial economy in *Lopez*.  The People identify no other authority that would permit this court to confer jurisdiction upon the superior court and affirm a void order, and we know of none.

Moreover, we do not consider vacating the sentence to be exaltation of form over substance under these circumstances. Although Judge Dominguez stated that he was conducting a full

resentencing, he did not dismiss, impose, or impose and strike the two five-year section 667, subdivision (a)(1) sentence enhancements as required. Because we conclude that the court lacked jurisdiction to resentence Mora, the issue is moot. However, we observe that if the court had jurisdiction to resentence Mora, it is questionable whether the sentence the court imposed would itself be legal. It would be incumbent upon this court to raise the issue of the legality of the sentence (and likely to remand the cause) if we were to permit the sentence to stand.

## DISPOSITION

We vacate the sentence and remand to the superior court with directions to amend the abstract of judgment to reflect that Mora's prior sentence is reinstated. The superior court is ordered to forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

BAKER, J.

13

The People v. Ruben Mora
B330297


BAKER, J., Concurring


I have signed the opinion for the court, but I write separately to further explain why. The law on whether the unauthorized sentence rule confers jurisdiction to resentence a defendant is unsettled. As the opinion for the court identifies, there is a split in the Courts of Appeal on the point. (Compare *People v. Boyd* (2024) 103 Cal.App.5th 56, 62 ["when a case is final, the mere fact that a sentence is unauthorized does not confer jurisdiction on a trial court to vacate that sentence or on a reviewing court to entertain an appeal based on a claim the sentence was unauthorized"]; *People v. King* (2022) 77 Cal.App.5th 629, 633 [same] with *People v. Codinha* (2023) 92 Cal.App.5th 976, 993 ["an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final"].) What today's opinion for the court does not mention, however, are the seemingly conflicting observations on this point in the Supreme Court's own case law. (Compare *In re G.C.* (2020) 8 Cal.5th 1119, 1129-1130 [unauthorized sentence rule is "an exception to the *waiver doctrine*" that cannot be invoked absent jurisdiction over the judgment] with *People v. Picklesimer* (2010) 48 Cal.4th 330, 338 ["Nor is Picklesimer's obligation to register part of an unauthorized sentence, which the trial court would

have had *jurisdiction* to correct at any time," italics added]; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045 ["[I]t is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending. Because the trial court was not authorized simply to waive sentencing on these counts, any error in failing to impose sentence in this regard *would have been subject to judicial correction when it ultimately came to the attention of the trial court or this court*," italics added].)

In concurring with the result the court reaches today, I have resolved the ambiguity in precedent by deferring to the Supreme Court's most recent pronouncement on the unauthorized sentence rule in *G.C.* But, to reiterate the *Codinha* court's observation, it would be better if the law in this area were clearer. (*Codinha, supra*, 92 Cal.App.5th at 993.)

BAKER, J.

2