Filed 5/23/25  P. v. Jenkins CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084174 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD172046) |
| MARKIETH JENKINS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired Judge of San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General for Plaintiff and Respondent.

Markieth Jenkins appeals the trial court's order finding him ineligible for relief under Penal Code[1] section 1172.75, striking his two prison priors as unauthorized, and ordering that the abstract of judgment be amended accordingly. Jenkins contends the court erred by denying him a full resentencing hearing. Because we agree Jenkins was ineligible for relief under the plain language of section 1172.75 and that he was not entitled to a full resentencing, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In late 2017, a jury convicted Jenkins of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 1) and battery with serious bodily injury (§ 243, subd. (d); count 2) and found true great bodily injury allegations (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a)). Jenkins admitted two prior strikes (§§ 667, subds. (b)–(i), 1170.12, 668), two serious felony priors (§§ 667, subd. (a)(1), 668), two prisons priors (§§ 667.5, subd. (b), 668), and three probation denial priors (§ 1203, subd. (e)(4)). In March 2018, the court sentenced him to 13 years plus 25 years to life. The minutes and abstract reflect the court's oral pronouncement that it was staying the two one-year prison priors.

Jenkins appealed. We conditionally reversed and remanded the matter for a diversion eligibility hearing. (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 41.) We instructed that if the court found Jenkins ineligible for diversion on remand, it must "reinstate [Jenkins's] convictions and conduct a new sentencing hearing." (*Ibid*.)

On remand, in July 2021, the trial court found Jenkins ineligible for diversion. The court then imposed "the same sentence [it] did before, exactly the same way," but did not expressly mention the prison priors. The abstract

<hr>

[1]     Further undesignated statutory references are to the Penal Code.

of judgment reflected that the two enhancements under sections 667.5, subdivision (b) and 668 were stayed.[2]

In the meantime, effective January 1, 2020, Senate Bill No. 136 (Senate Bill 136) (2019–2020 Reg. Sess.) had amended section 667.5, subdivision (b), to invalidate all prison priors. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).) Courts, including our own, construed Senate Bill 136 as applying retroactively "to all cases not yet final as of its January 1, 2020, effective date." (*Jennings,* at p. 682; see also *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) Senate Bill No. 483 (2021–2022 Reg. Sess.) ultimately made this provision retroactive, declaring prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b) "legally invalid." (Stats. 2021, ch. 728, § 3.) This statute became effective as former section 1171.1 (now section 1172.75) on January 1, 2022. (Stats. 2021, ch. 728, § 3.) Section 1172.75, subdivision (c) provides a resentencing procedure for defendants whose judgments include a now-invalid prison prior that was imposed prior to January 1, 2020.

Pursuant to subdivision (b) of section 1172.75, the California Department of Corrections and Rehabilitation identified Jenkins as a person currently serving a prison term that included an enhancement imposed under section 667.5, subdivision (b). The court appointed counsel and set an eligibility hearing.

At the May 2024 eligibility hearing, the court expressed its view that the case did not fall within the scope of section 1172.75 because the prison priors were imposed and stayed in July 2021, after the effective date of

---

[2]    Jenkins also appealed this order. We modified the judgment to expressly reinstate Jenkins's original convictions and affirmed the judgment as modified. (*People v. Jenkins* (Aug. 17, 2022, D079360) [nonpub. opn.].) The validity of the prison priors was not raised as an issue in the appeal.

Senate Bill 136 invalidating prison priors. Therefore, the court struck the stayed prison priors as unauthorized at the time they were imposed and ordered that the abstract of judgment be amended accordingly.

## DISCUSSION

The parties' initial briefing focused on the 2018 judgment staying the two one-year prison priors. Jenkins argued that because his 2018 sentence included prison priors, it was subject to recall under section 1172.75 and the court was required to conduct a full resentencing hearing. The People responded that Jenkins was not entitled to relief because the sentences for his prison priors were stayed, and section 1172.75 only applies where the sentence was imposed and executed.[3]

After reviewing the record, we requested supplemental briefing addressing the impact of the July 2021 resentencing. Section 1172.75, subdivision (a), states: "Any sentence enhancement that was imposed *prior to January 1, 2020*, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Italics added.) Moreover, the statute's resentencing provision applies only if "the current judgment includes a sentencing enhancement *described in subdivision (a)*." (§ 1172.75, subd. (c), italics added.) Jenkins was resentenced *after* January 1, 2020, on July 6, 2021. Accordingly, we asked the parties to file letter briefs addressing (1) whether

---

[3] The question whether section 1172.75's resentencing provision applies to stayed prison priors has been the subject of conflicting Court of Appeal decisions and is currently pending before our Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169. We need not decide this question here because we ultimately conclude that section 1172.75 does not apply for a different reason.

4

section 1172.75 applies in light of the resentencing on July 6, 2021; and (2) whether the trial court in the 2024 proceedings properly struck the prison priors because they were unlawful when imposed and stayed on July 6, 2021.

Both parties accepted our invitation and submitted letter briefs. As to the first issue, Jenkins argues that section 1172.75 continued to apply because the prison priors were *initially* imposed in 2018. The People disagree with this interpretation.

On our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we conclude Jenkins is ineligible for resentencing under the plain language of section 1172.75 based on the July 2021 judgment.

Under section 1172.75, the trial court must "verify that *the current judgment* includes a sentencing enhancement" "that was imposed *prior to January 1, 2020*, pursuant to subdivision (b) of Section 667.5." (§ 1172.75, subds. (a), (c), italics added.) Although Jenkins was originally sentenced in 2018, we conditionally reversed and remanded that judgment for resentencing in 2019. The remand order expressly instructed that if the court found Jenkins ineligible for diversion, it must "reinstate [Jenkins's] convictions and *conduct a new sentencing hearing*." (*People v. Jenkins, supra*, 40 Cal.App.5th at p. 41, italics added.) Following remittitur, the trial court afforded counsel time to argue regarding the appropriate sentence and then resentenced Jenkins in July 2021. In imposing "the same sentence [it] did before, exactly the same way," the court in July 2021 included the two stayed section 667.5, subdivision (b), enhancements in the abstract of judgment. Thus, the court had the opportunity to exercise its discretion and resentenced

5

Jenkins to the same sentence as before, including the stayed prison priors.[4] The July 2021 sentence superseded the March 2018 judgment and was the "current judgment" operative at the time of Jenkins's May 2024 resentencing. Thus, the stayed prison priors imposed as part of the resentencing in July 2021 were not imposed prior to January 1, 2020, and Jenkins was not entitled to resentencing by the plain language of section 1172.75.

Addressing our second question, Jenkins asserts that the trial court properly struck the enhancements in 2024 but erred in failing to afford him a full resentencing when it did so. The People contend the trial court lacked jurisdiction to strike the prison priors. They explain that the "unauthorized sentence doctrine" relied upon by the court is an exception to the waiver doctrine and maintain that it does not confer jurisdiction on the court.

We agree the unauthorized sentence doctrine generally relates to whether a court may consider an otherwise waived argument on appeal, but we nonetheless disagree the court lacked jurisdiction to strike the enhancements in this case. There is no dispute that after 2020, section 667.5, subdivision (b), no longer authorized prison prior enhancements, except where the prior terms were imposed for sexually violent offenses (see *Jennings, supra*, 42 Cal.App.5th at pp. 681–682), which Jenkins's were not. The trial court therefore correctly determined that the prison priors included in the July 2021 judgment were unauthorized and should have been stricken. And an unauthorized or void sentence may be remedied after a judgment of

---

[4] If there was any question as to whether they remained part of the judgment, our subsequent opinion on appeal expressly included the two prison prior convictions in the modified judgment. Indeed, Jenkins could (and should) have challenged imposition of the now-unauthorized prison prior enhancement as part of that appeal.

conviction becomes final if the court has jurisdiction over the judgment. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*In re G.C.*).)

Here, we conclude the court had jurisdiction under section 1172.75. The statute authorized the court to determine whether the judgment included a prison prior enhancement imposed prior to January 1, 2020. (§ 1172.75, subd. (c).) Even if the answer was no, the court still had jurisdiction to address issues with the relevant prison prior sentences included in the same judgment. This was not a situation like that in *In re G.C.* where there was "no correlation" between the alleged section 702 error and the judgment being appealed. (*In re G.C., supra*, 8 Cal.5th at p. 1130.)

The Fifth Appellate District addressed a similar issue in *People v. Hernandez* (2024) 103 Cal.App.5th 1111. There, the defendant appealed from an order denying his petition for recall and resentencing under section 1172.6 but did not challenge the validity of the court's denial on appeal. (*Hernandez*, at p. 1122.) Instead, he made an unrelated claim that his original sentence was unauthorized under section 1170.1. (*Hernandez*, at p. 1122.) In concluding the trial court lacked jurisdiction to address the latter claim, the court explained that the trial court was tasked with determining whether the defendant had made a prima facie showing that he was entitled to relief under section 1172.6. (*Hernandez*, at p. 1122.) Where no such showing was made, the court could do nothing but deny the petition and issue a statement explaining its reasons. (*Ibid.*) In other words, the court concluded section 1172.6 did not provide jurisdiction to correct a claim " 'wholly unrelated' " to the subject of his appeal. (*Hernandez,* at pp. 1122–1123.)

By contrast, Jenkins sought to have the same prison priors stricken from the same judgment that was at issue in the section 1172.75 proceedings.

7

Stated differently, his claim for resentencing under section 1172.75 was *wholly related* to and dependent on the prison priors the trial court ultimately struck as unauthorized.  Thus, we are not persuaded that the court's jurisdiction was so limited that it could not address this obvious error regarding the prison priors that were the basis for Jenkins's request for resentencing.  (See also *People v. Codinha* (2023) 92 Cal.App.5th 976, 993 (*Codinha*) ["the line of Supreme Court cases recognizing an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final [citations] remains valid"].)

The final question is whether Jenkins was entitled to a full resentencing, as he claims, even though he was not eligible for resentencing under section 1172.75.  Although a court generally may reconsider all sentencing choices when resentencing a defendant to correct judicial error (see *Codinha, supra*, 92 Cal.App.5th at p. 994), our high court has authorized trial courts to simply strike wrongly imposed prison prior enhancements.  (See *People v. Jones* (1993) 5 Cal.4th 1142, 1153 [remanding to the trial court with directions to strike one-year section 667.5, subdivision (b) enhancement and send corrected abstract of judgment to the Department of Corrections]; see generally *In re Sandel* (1966) 64 Cal.2d 412, 418–419 [disregarding the void portion of the judgment].)  Accordingly, the trial court properly corrected the judgment by striking the invalid enhancements.

## DISPOSITION

The order is affirmed.

BUCHANAN, J.

WE CONCUR:

DATO, Acting P. J.

CASTILLO, J.