Filed 8/20/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341793, B336504 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA464005) |
| v. | |
| JOSEPH RAY SINGLETON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge. Appeal dismissed and petition for writ of habeas corpus granted.

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

When a superior court receives a letter from a case records manager in the California Department of Corrections and Rehabilitation (CDCR) informing the court that the abstract of judgment for a defendant "may be in error," does the court have jurisdiction to correct the sentence where the judgment is long since final? Penal Code section 1172.1, subdivision (a)(1),[1] gives the court jurisdiction to recall and resentence a defendant in limited circumstances, including where the court acts within 120 days of the date of commitment or upon a recommendation of the secretary of CDCR, the Board of Parole Hearings, or other specified entities, but jurisdiction is limited to imposition of a new sentence that is no greater than the initial sentence. The appellate courts are divided as to whether, in the absence of a specific authorizing statute, a superior court has jurisdiction to correct an unauthorized sentence once the judgment is final. We conclude the courts in these circumstances lack fundamental jurisdiction to vacate or modify the sentence. That does not mean a superior court can never modify a sentence in response to a CDCR letter pointing out a sentencing error. But the court can modify the sentence only if the court has jurisdiction under section 1172.1 or another authorizing statute, or by the filing of a petition for a writ of habeas corpus.

In this case, Joseph Ray Singleton appeals from a superior court order entered five years after his commitment to state prison that increased his final sentence by almost three years in response to a CDCR letter from a correctional case records manager advising the court that the abstract of judgment may have an error because the court had imposed a consecutive

_____

[1]     Further statutory references are to the Penal Code.

sentence of one-third the middle term for dissuading a witness although the Penal Code required the court to impose a full consecutive sentence. In response to the letter, the court held a hearing at which Singleton was not present, but his attorney was. The court modified Singleton's sentence by imposing a full consecutive term on the count for dissuading a witness, without addressing the sentences on the other counts, thereby increasing the sentence from 10 years eight months to 13 years four months.

On appeal Singleton contends the superior court erred by increasing his sentence without his presence and without conducting a full resentencing hearing. The parties, at our request, submitted supplemental briefing on whether the court had jurisdiction to correct the unauthorized sentence. It did not. Because the court did not have jurisdiction, we likewise do not have jurisdiction, and we dismiss the appeal. However, leaving the modified (and void) sentence in place would be manifestly unjust, and we therefore treat the appeal, in part, as a petition for a writ of habeas corpus and order the court to vacate the order modifying the sentence and reinstate the original sentence. We do so without prejudice to Singleton, the People, the trial court, or the CDCR seeking to correct Singleton's initial sentence through a valid procedure that vests the court with jurisdiction to modify the sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Between December 20 and December 31, 2020 Singleton concealed his two-year-old daughter Natalia from her mother,

3

Perla Rizo, in violation of a child custody order.[2]  After several days, Singleton contacted Rizo and told her he would not give Natalia back or disclose the girl's location.  Singleton threatened that if Rizo contacted law enforcement, he would kill Rizo and her family by putting bullets in their heads.  The information also alleged that in March 2017, Singleton willfully injured Rizo with a pocketknife.

On July 12, 2018 a jury convicted Singleton of felony violation of child custody (§ 278.5; count 1); dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 2); and inflicting corporal injury on a child's parent (§ 273.5, subd. (a); count 4).  At the initial sentencing hearing, Singleton admitted he had suffered convictions of two serious or violent felonies (robbery and assault with a deadly weapon) under the three strikes law (§§ 667, subds. (b)-(j), 1170.12), but the trial court[3] granted a motion to strike one of the strikes.  The court denied the request to dismiss the second strike conviction.  On September 21, 2018 the court sentenced Singleton to an aggregate state prison sentence of 10 years eight months, comprising the upper term of four years on count 4 for inflicting corporal injury, doubled under the three-strikes law, plus consecutive terms on counts 1 (felony violation of child custody) and 2 (dissuading a witness) of 16 months (one-third the middle term, doubled).

---

[2]    We provide a brief description of the facts as stated in the probation report for background purposes only.

[3]    Judge Craig J. Mitchell.

4

On April 11, 2023 the trial court received a letter signed by a correctional case records manager in the legal processing unit of the CDCR indicating the abstract of judgment or minute order "may be in error" because the court imposed a consecutive sentence of one-third the middle term for dissuading a witness contrary to section 1170.15, which requires imposition of the full middle term.[4] The letter further stated, "Please review your file to determine if a correction is required. When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)] 185 Cal.App.3d 831."

On June 2, 2023 the trial court held a hearing to address receipt of the CDCR letter. Singleton and his attorney were present. The court indicated at the beginning of the hearing that Singleton "has communicated with the court" that he believed he was entitled to have the enhancements that were imposed at sentencing (presumably the remaining strike) dismissed. The court continued the hearing without further argument. At the continued hearing on July 6, Singleton was not present, but his attorney appeared on his behalf. The court stated with respect to

---

[4] Section 1170.15 provides in relevant part, "Notwithstanding subdivision (a) of Section 1170.1 which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 . . . and that was committed against the victim of . . . the first felony, the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed . . . ."

5

the CDCR letter that it was "notifying counsel . . . that if a remedy can be fashioned that would result in the same term, Mr. Singleton would not need to come down from state prison, or if you want him to come down, we can approach it in that manner as well." Singleton's attorney acknowledged there appeared to be an error in the sentence. He stated he "would like to avoid having [Singleton] come down" and "there might be a way to be constructive so that it is the same sentence." Singleton's attorney requested a continuance to discuss the issue with his office, and the matter was again continued.

At the next hearing on September 20, 2023 a different judge[5] presided over the hearing, and Singleton was again not present. In response to the trial court's inquiry as to the procedural posture of the case and why the matter was set for a resentencing, Singleton's attorney explained the sentence was erroneous under section 1170.15 for failure to impose the full middle term on count 2 for dissuading a witness. The court responded, "It's not a resentencing. . . . It's a correction of an error in the sentence." Singleton's attorney stated he deferred to the court. The court issued a new abstract of judgment reflecting the original sentence imposed on counts 1 and 4, but imposition of a full consecutive term of four years (the middle term of two years doubled) on count 2. The aggregate state prison sentence therefore increased to 13 years four months.[6]

---

[5]     Judge James R. Dabney.

[6]     The trial court corrected an error in the minute order nunc pro tunc on September 21, 2023, clarifying that the aggregate sentence was 13 years four months, which is also reflected in the abstract of judgment.

6

On November 9, 2023 Singleton filed a motion for reconsideration and request to correct an "[i]llegal [s]entence," in which he argued the modified sentence violated his due process rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466 by increasing his sentence without a jury finding of the facts necessary to find section 1170.15 applied. After further briefing and a hearing, on January 16, 2024 the trial court[7] denied the motion.

Singleton appealed from the order correcting his sentence and the order denying his motion for reconsideration.[8]

## DISCUSSION

A.   *The Trial Court Lacked Jurisdiction To Modify Singleton's Sentence*

Singleton contends the trial court had jurisdiction to correct his unauthorized sentence under section 1172.1, former subdivision (a)(1), based on the CDCR letter (and thus a right to a full resentencing). The Attorney General urges us to affirm the order modifying Singleton's sentence, asserting a trial court has jurisdiction to correct an unauthorized sentence at any time. Neither is correct: The trial court did not have jurisdiction to correct Singleton's sentence even though it was unauthorized.

---

[7]   Judge Serena R. Murillo.

[8]   Singleton separately appealed from the September 20, 2023 order correcting his sentence (case No. B341793) and the order denying his motion for reconsideration (case No. B336504). We consolidated the appeals. Singleton on appeal does not argue the modified sentence violated *Apprendi v. New Jersey, supra,* 530 U.S. 466.

7

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*); accord, *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; *People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*) ["The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'"].)

However, the common law rule has limited exceptions. For example, a trial court has statutory authority to recall a sentence and resentence a defendant within 120 days of the defendant's commitment, or at any time upon the recommendation of the CDCR secretary, the Board of Parole Hearings, the District Attorney, or specified other entities. (§ 1172.1, former subd. (a)(1).)[9] In addition, the court has inherent power to correct

---

[9] Effective January 1, 2024 (after Singleton's hearing in September 2023), the Legislature amended section 1172.1 subdivision (a)(1), to expand the trial court's jurisdiction to recall on its own motion a defendant's sentence and resentence the defendant "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (See Stats 2023, ch. 131, § 157.) However, the statute still specifies the court may only resentence the defendant under section 1172.1, subdivision (a)(1), "provided the new sentence, if any, is no greater than the initial sentence." The Legislature also added subdivision (c) to section 1172.1, which provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (See Stats 2023, ch. 131, § 157.)

a clerical error at any time.  (*In re Candelario* (1970) 3 Cal.3d 702, 705; *People v. Boyd* (2024) 103 Cal.App.5th 56, 63 (*Boyd*).)

Section 1172.1, former subdivision (a)(1), did not confer jurisdiction on the trial court to modify Singleton's sentence.  The court sentenced Singleton on September 21, 2018, and an abstract of judgment committing Singleton to state prison was prepared eight days later.  Nearly five years passed before the court modified the sentence in September 2023.  Thus, the exception for the court to recall Singleton's sentence within 120 days did not apply.

In addition, there was no recommendation for resentencing from the secretary of CDCR.  As discussed, former subdivision (a)(1) provides authority for a court to recall a defendant's sentence and resentence the defendant upon "the recommendation of the secretary" of CDCR.  A correctional case records manager is not the secretary.  As the court in *People v. Codinha* (2023) 92 Cal.App.5th 976, 987 (*Codinha*) explained, in rejecting the defendant's contention a similar letter provided jurisdiction for the trial court to resentence the defendant, "Nothing in the [CDCR's] letter to the trial court suggests it was recommending recall of Codinha's sentence and resentencing.  The letter was from a case records manager, not the secretary.  It did not 'reference[] section [1172.1], and the letter did not use any form of the terms "recall" or "resentencing."  Rather, the [CDCR's] letter specifically asked the court to determine whether "a correction is required."'"

Singleton contends in his supplemental brief that under *People v. Hill, supra*, 185 Cal.App.3d 831 (*Hill*), the CDCR letter informing the trial court that the sentence appeared to be unauthorized provided jurisdiction for the court to modify the

9

sentence under section 1172.1, former subdivision (a)(1). *Hill* is inapposite. In *Hill* the CDCR sent a letter to the trial court that was described as "recommend[ing] recall and resentencing" under former section 1170, subdivision (d) (the predecessor to section 1172.1).[10] (*Hill*, at p. 833.) Here, the CDCR letter did not recommend resentencing, stating only that the court should

---

[10] The Court of Appeal in *Hill* noted that the CDCR letter was not in the record; the court therefore relied on the description of the notice in the reporter's transcript from the resentencing hearing and an affidavit of the defendant's trial counsel. (*Hill, supra*, 185 Cal.App.3d at p. 833, fn. 3.) Further, the court accepted the parties' positions that "the trial court had jurisdiction to resentence pursuant to [former] section 1170, subdivision (d)." (*Ibid*.)

Other appellate courts have similarly found a CDCR letter advising a superior court that a sentence is unlawful vested the court with jurisdiction to correct the sentence under former section 1170, subdivision (d). (See *People v. Allison* (2019) 39 Cal.App.5th 688, 699 [under former § 1170, subd. (d), "the superior court was statutorily authorized to reconsider [defendant's] sentence upon the CDCR's notification of its possible illegality"]; *In re Williams* (2000) 83 Cal.App.4th 936, 945-946 [trial court had jurisdiction to modify sentence to strike unlawful presentence conduct credit in response to CDCR "recommendation," even though modification would result in longer incarceration].) Neither *Allison* nor *Williams* quoted the CDCR letter at issue or explained how the letter fell within the exception for a "recommendation" from the Secretary of CDCR. To the extent these cases concluded a CDCR letter advising a court that a sentence is unauthorized vested the court with jurisdiction to modify the sentence under former section 1170, subdivision (d) (or section 1172.1), absent a recommendation from the Secretary, we disagree with the holdings.

10

"review [its] file to determine if a correction is required," and if the court determined the original sentence was illegal, "the trial court is *entitled* to reconsider all sentencing choices." (Italics added.) (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1125 [CDCR letter asking trial court to determine with respect to abstracts of judgment whether "'a correction is required'" was not a recommendation for recall and resentencing under former section 1170, subdivision (d)(1)].)

Finally, section 1172.1, former subdivision (a), required (as it does today) that a modified sentence be "no greater than the initial sentence." Here, the modified sentence was almost three years longer than the original sentence. By contrast, the resentencing order in *Hill* reduced the defendant's sentence from 16 years to 14 years. (*Hill, supra*, 185 Cal.App.3d at p. 833.)

With respect to the court's jurisdiction to correct a clerical error in a sentence, the parties agree the unauthorized sentence was not a clerical error. "It is not open to question that a court has the inherent power to correct clerical errors," but a court does not have inherent jurisdiction to correct judicial errors. (*In re Candelario, supra*, 92 Cal.App.5th at p. 705; accord, *Boyd, supra*, 103 Cal.App.5th at p. 63.) A court makes a clerical error when it errs "'"in recording the judgment rendered."'" (*Boyd*, at p. 63.) In contrast, a court makes a judicial error when it errs during "the judicial process of determining the sentence, even if governed by mathematical rules (such as calculating credits)." (*Id.* at p. 64.) Here, the trial court made a judicial error because it did not impose the legally required sentence.

11

The Attorney General contends there is an additional exception to the general common law rule—that the trial court has jurisdiction to modify an "unauthorized sentence" at any time.[11] Although it is true that Singleton's original sentence was unauthorized, the court did not have jurisdiction to correct the error absent some other basis for jurisdiction.

*King*, *supra*, 77 Cal.App.5th at page 629 is instructive. In *King*, the sentencing court imposed a six-year middle term on a count for forcible rape, although the statute specified the middle term was seven years. (*Id.* at p. 633.) After serving 30 years in prison, the defendant moved to vacate the sentence as unauthorized; the superior court denied the motion on the basis the original sentence was correct. (*Ibid.*) The defendant appealed, but the Court of Appeal dismissed the appeal, concluding "the trial court had no jurisdiction to entertain [the defendant's] motion to vacate his sentence, and therefore this court has no appellate jurisdiction to entertain the appeal." (*Ibid.*) The court rejected the defendant's argument that an unauthorized sentence may be corrected at any time, explaining "the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's

---

[11]     A trial court imposes an unauthorized sentence if the sentence "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354; accord, *Boyd, supra*, 103 Cal.App.5th at p. 65.) Here, the parties agree the trial court originally imposed an unauthorized sentence. Specifically, the court selected one-third the middle term on count 2, but the law required imposition of the full middle term.

12

motion to correct an alleged illegal sentence . . . after the execution of the sentence has begun." (*Id.* at pp. 641-642.)

The court in *King* relied on the Supreme Court's holding in *In re G.C.* (2020) 8 Cal.5th 1119, 1124-1129 (*G.C.*), that the unauthorized-sentence doctrine did not provide jurisdiction for the appellate court to review a juvenile court disposition order to correct an error in failing to declare the minor's offense a misdemeanor or felony, because the minor had not appealed the disposition order. (*King, supra*, 77 Cal.App.5th at pp. 635-636.) The Supreme Court clarified that the ""unauthorized sentence" rule'" is "'an exception to the *waiver doctrine* [citation], not to the *jurisdictional* requirement of a timely notice of appeal.'" (*G.C.* at p. 1129; see *People v. Scott* (1994) 9 Cal.4th 331, 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"].) Further, "to invoke this rule the court must have jurisdiction over the judgment." (*G.C.*, at p. 1130.) Although *G.C.* addressed appellate jurisdiction, *King* concluded "the reasoning . . . also applies to the question whether a trial court has jurisdiction to modify a sentence once it is in execution." (*King*, at p. 636.)

The Attorney General urges us to follow the decision in *Codinha, supra*, 92 Cal.App.5th at pages 984 to 985. In *Codinha*, as here, the trial court received a letter from a CDCR case records manager notifying the court that the abstract of judgment or minute order "'may be in error'" because it reflected a concurrent sentence on count 3 but the Penal Code required a consecutive sentence. The letter requested the court review its file to determine whether a correction was required; the letter also advised the court that it could "'reconsider all sentencing

13

choices'" if the sentence was illegal. (*Id.* at pp. 982-983.) In response to the letter, the court modified the sentence to increase it by 16 months. (*Id.* at p. 983.)

As discussed, the *Codinha* court concluded section 1172.1, former subdivision (a)(1), did not provide the trial court with jurisdiction to modify the sentence. However, the Court of Appeal rejected the reasoning articulated in *King* and concluded the trial court had jurisdiction to increase the sentence because "the imposition of a sentence unauthorized by law is a jurisdictional error that may be corrected whenever it comes to the court's attention, even if correction requires imposition of a longer sentence." (*Codinha, supra*, 92 Cal.App.5th at p. 985, 992-993.) The court articulated the following rule: "A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction requires imposition of a more severe sentence, provided the error is apparent from the face of the record." (*Id.* at p. 990.)

In reaching this conclusion, *Codinha* relied on language in the Supreme Court's decision in *Karaman, supra*, 4 Cal.4th at page 349, footnote 15, that "where the court is required to impose a certain minimum term but imposes a lesser term instead, the unauthorized sentence is considered invalid or 'unlawful' and may be increased even after execution of the sentence has begun." (See *Codinha, supra*, 92 Cal.App.5th at p. 989.) *Codinha* took this language out of context, however, because the *Karaman* court, in stating an unauthorized sentence may be modified after execution of the sentence, relied on cases in which the appellate

14

courts had jurisdiction to correct the trial court's sentencing error on appeal from the judgment or an otherwise appealable order. For example, in *People v. Serrato* (1973) 9 Cal.3d 753 (*Serrato*), disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, the Supreme Court reversed an unauthorized sentence imposed in an appeal from an order granting probation (which the court observed was an appealable judgment). (*Serrato*, at pp. 756, 762-763; see *Karaman*, at p. 349, fn 15.) In *In re Ricky H.* (1981) 30 Cal.3d 176, 182, 184, 190-191, also cited in footnote 15 of *Karaman*, a minor timely appealed from a juvenile disposition order, challenging his commitment to the Youth Authority and denial of credits. The court modified the disposition order's commitment term, although the error was not raised by parties, because "[a]uthority exists for an appellate court to correct a sentence that is not authorized by law whenever the error comes to the attention of the court." (*In re Ricky H.*, at p. 191.)

*Codinha* also concluded the trial court had jurisdiction to modify the defendant's sentence because imposition of a concurrent term instead of a consecutive term was a "'void portion of the judgment.'" (*Codinha, supra*, 92 Cal.App.5th at p. 990, citing *In re Sandel* (1966) 64 Cal.2d 412, 414 (*Sandel*).) We agree that a trial court has jurisdiction to modify a void judgment at any time. (See *Karaman, supra*, 4 Cal.4th at p. 345, fn. 11 ["judicial error (as well as an exercise of judicial discretion) in rendering judgment cannot be corrected by the trial court once jurisdiction has expired, unless the judgment is *void* on the face of the record"]; *Wilson v. Superior Court* (1980) 108 Cal.App.3d 816, 818-819 [order reducing defendant's prison term after

sentencing by awarding additional conduct credits "was beyond the court's 'jurisdiction' to grant, and therefore 'void'"].)

But we do not agree with the *Codinha* court that the Supreme Court's decision in *Sandel, supra*, 64 Cal.2d 412 holds that an unauthorized sentence (in that case imposing a concurrent term where a consecutive term was required by law) is a void sentence that may be corrected at any time, even without another basis for jurisdiction. The Supreme Court in *Sandel*, on a petition for a writ of habeas corpus, held an order from the Adult Authority[12] in an administrative proceeding was void where the order corrected an unauthorized sentence imposed by the trial court, because "the Adult Authority has no jurisdiction to determine that petitioner's sentences shall be served consecutively rather than concurrently," which is a judicial, not an administrative, function. (*Sandel*, at pp 416-417.) The Supreme Court proceeded to correct the trial court's sentencing error, reasoning that "[s]ince the entire question of the legality of petitioner's confinement is before us on this application for habeas corpus, we take the opportunity to make a *judicial* correction of the sentencing error which the Adult Authority has purported to deal with by administrative action alone." (*Id*. at p. 418.) Thus, unlike here, the appellate court's

---

[12]     Prior to enactment of section 5078, the "Adult Authority" was charged with determining an inmate's actual period of incarceration; section 5078, effective July 1, 1977, abolished the Adult Authority, and the Board of Parole Hearings now performs that function. (*In re Palmer* (2021) 10 Cal.5th 959, 969-970.)

16

jurisdiction to correct the unauthorized sentence was based on the defendant's petition for a writ of habeas corpus.[13]

A year after *Codinha*, the Court of Appeal in *Boyd*, *supra*, 103 Cal.App.5th at pages 67 to 68 relied on the reasoning in *King* to conclude, contrary to *Codinha*, that trial courts "do *not* have inherent jurisdiction to correct [unauthorized] sentences." In *Boyd*, the defendant, after serving 17 years in prison, filed a motion to recalculate his custody and conduct credits the trial court had awarded at his initial sentencing, arguing the court had miscalculated the credits. (*Boyd*, at p. 61.) The court granted the motion, awarding seven additional days of credits; the defendant appealed, arguing he was entitled to a full resentencing hearing at which the court would consider all ameliorative sentencing laws enacted since his initial sentencing.

---

[13] The Court of Appeal in *Codinha, supra*, 92 Cal.App.5th at page 990 relied on the *Sandel* court's observation that it was not the defendant's burden to initiate a judicial action to correct an unauthorized sentence, but rather, "it is the People who have a duty to bring the error to the attention of the trial court as soon as possible, by appropriate motion to vacate the void portion of the judgment and impose a sentence authorized by law." (*Sandel, supra*, 64 Cal.2d at pp. 418-419.) Although the court in *Sandel* referred to the "void portion" of the judgment, we do not read this to mean the trial court had fundamental jurisdiction to correct the sentence. Elsewhere in its opinion, for example, the *Sandel* court described the trial court's sentencing error as an act "in excess of jurisdiction of the court." (*Id*. at p. 417.) We therefore read the court's observation that the People should have initiated judicial action to mean the People should have filed a petition for a writ of mandate to correct the unauthorized sentence instead of placing the burden on the defendant to seek relief.

17

(*Ibid*.)  The *Boyd* court concluded the trial court lacked fundamental jurisdiction to consider the defendant's motion to modify the sentence, observing the court would only have had jurisdiction if the defendant had filed a petition for a writ of habeas corpus.  (*Ibid*.)  Therefore, the trial court's order modifying the sentence was "void from the start."  (*Ibid*.)  The court vacated the void order modifying the sentence, but as to the purported appeal seeking a full resentencing, the court treated the appeal as a petition for a writ of habeas corpus, observing that a habeas petition would have been the "proper method for raising such belated claims of credit miscalculation."  (*Id*. at p. 63.)

The court in *Boyd* agreed with *King* that the unauthorized sentence doctrine is an exception to the waiver doctrine, not a basis for jurisdiction.  (*Boyd, supra*, 103 Cal.App.5th at p. 67, citing *G.C., supra*, 8 Cal.5th at p. 1129 and *People v. Scott, supra*, 9 Cal.4th at p. 354.)  The court also observed that "in none of the cases that *Codinha* cites was [the trial court's] jurisdiction based on the unauthorized sentence doctrine."  (*Boyd,* at p. 67.)  Rather, in each of the cited cases, the courts had a separate basis for jurisdiction, including *Karaman*, *G.C.*, *Serrato*, and *Sandel*.  (*Boyd*, at pp. 67-68; see *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1123 (*Hernandez*) ["We further agree the California Supreme Court cases cited by *Codinha* do not hold our courts have jurisdiction to correct an unauthorized sentence outside of a habeas corpus petition or some other posture where they independently have jurisdiction to do so."].)  The *Boyd* court also reasoned that "the availability of habeas relief to correct unauthorized sentences suggests that trial courts do *not* have inherent jurisdiction to correct such sentences, as habeas relief

would be superfluous if a freestanding trial court motion could at any time achieve the same result without the procedural limitations that habeas law imposes." (*Boyd,* at p. 68; accord, *Hernandez,* at p. 1123.)

We agree with *King* and *Boyd* and find those cases more persuasive than *Codinha.* Although Singleton's 2018 sentence was unauthorized, that does not mean the trial court in 2023 had jurisdiction to correct the sentencing error. As the Supreme Court explained in *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339, "'A lack of fundamental jurisdiction is ""an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."'" (Accord, *People v. Ford* (2015) 61 Cal.4th 282, 286.) "'[A]n act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio.*" (*People v. Lara* (2010) 48 Cal.4th 216, 225; accord, *Ford*, at p. 286.) By contrast, "courts that violate procedural requirements, order relief that is unauthorized by statute or common law, or otherwise "'fail[] to conduct [themselves] in the manner prescribed'" by law [are described] as acting "'in *excess* of jurisdiction.'"" (*Kabran*, at pp. 339-340.) Where a court acts "in excess of jurisdiction," the court "still has 'jurisdiction over the subject matter and the parties in the fundamental sense' [citation], [and] any such act is 'valid until set aside. . . .'" (*Id.* at p. 340; accord, *Ford*, at p. 287.)

Accordingly, the trial court did not have fundamental jurisdiction to enter the September 20, 2023 order modifying the sentence, and the modified sentence is void. (See *Boyd, supra*, 103 Cal.App.5th at p. 71 ["Because Boyd began serving his prison sentence years ago, the trial court's lack of jurisdiction here was not merely another way to say it acted in excess of its

19

jurisdiction.  Rather, it lacked fundamental jurisdiction, and its order was therefore void, not simply voidable."]; see also *Hernandez, supra*, 103 Cal.App.5th at p. 1123 [trial court did not have jurisdiction to consider defendant's contention in petition for resentencing under § 1172.6 that the original sentence was unauthorized on the basis the court imposed a full consecutive sentence on subordinate term instead of one-third the middle term].)

B.    *We Dismiss Singleton's Appeal and Deem a Portion of His Appeal a Petition for a Writ of Habeas Corpus*[14]

Because the trial court did not have jurisdiction to modify Singleton's sentence, the court's September 20, 2023 sentencing order is nonappealable, and we dismiss the appeal.  (*Hernandez, supra*, 103 Cal.App.5th 1111, 1124 [because court lacked jurisdiction, appropriate disposition was dismissal of the appeal]; *King, supra*, 77 Cal.App.5th at p. 634 ["'[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed'"]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [dismissing appeal from nonappealable order].)

---

[14]    We requested the parties address in their supplemental briefing whether we should treat Singleton's appeal as a petition for a writ of habeas corpus.  Not surprisingly, Singleton requested that if we find his appeal is barred, we should exercise our discretion to construe his appeal as a habeas petition in the interest of justice.  The People contend we should instead dismiss the appeal because the initial sentence was unauthorized under section 1170.15.

20

We observe, however, that in most cases where the appellate court dismisses an appeal from a trial court's order denying a petition for resentencing for lack of jurisdiction, the dismissal order leaves the initial sentence in place. (See, e.g., *Hernandez, supra*, 103 Cal.App.5th 1111, 1124 [dismissing appeal from denial of defendant's petition for resentencing]; *King, supra*, 77 Cal.App.5th at pp. 634, 642 [dismissing appeal from denial of defendant's motion to vacate unauthorized sentence]; *People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135 [dismissing appeal from denial of defendant's motion to modify sentence].) In this case, by contrast, the trial court set the matter on calendar on its own motion and increased the sentence. Accordingly, dismissing the appeal from the modified sentence would be manifestly unjust because it would leave Singleton with a sentence imposing three additional years of incarceration without his having had an opportunity to be present at the resentencing.[15] We therefore treat Singleton's appeal, to the

---

[15] Had the trial court properly resentenced Singleton under section 1172.1, subdivision (a)(1), the court would have been required to "resentence [him] in the same manner as if [he] had not previously been sentenced," and further, subdivision (a)(2) would have required the court to consider "any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (See *Hill, supra*, 185 Cal.App.3d at p. 834 ["When a case is remanded for resentencing by an appellate court [under former § 1170, subd. (d)], the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices."].) In addition, under section 1172.1, subdivision (a)(1), the court could not have increased Singleton's sentence.

extent he requests we vacate the September 20, 2023 order, as a petition for a writ of habeas corpus.

"A person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." (§ 1473, subd. (a); see *In re Cook* (2019) 7 Cal.5th 439, 452; *People v. Villa* (2009) 45 Cal.4th 1063, 1068.)  As the Supreme Court explained in *Villa*, "'"[T]he function of the writ is . . . to determine the legality of the detention by an inquiry into the question of jurisdiction and the validity of the process upon its face, and whether anything has transpired since the process was issued to render it invalid."'"  (*Villa*, at. p 1069; accord, *In re Cook*, at p. 452.)  "A 'defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus.'"  (*Boyd, supra*, 103 Cal.App.5th at p. 66; accord, *King, supra*, 77 Cal.App.5th at p. 640; see *In re Harris* (1993) 5 Cal.4th 813, 839 [habeas corpus can be invoked to review imposition of illegal sentence, including sentence in excess of trial court's jurisdiction], disapproved on another ground by *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842.)

---

Further, the People concede and we agree that if Singleton had a right to a full resentencing hearing, he also had a right to be present at the hearing.  (§ 977, subd. (b)(1) [unless a defendant has waived the right to be present, "in all cases in which a felony is charged, the accused shall be physically present . . . at the time of the imposition of sentence"]; see *People v. Cutting* (2019) 42 Cal.App.5th 344, 346-348 [defendant had a constitutional right to be present at resentencing hearing on remand from a direct appeal where the trial court was directed to strike a sentence enhancement and resentence defendant "in light of all relevant factors"].)

22

Appellate courts have exercised their discretion to treat procedurally defective appeals as petitions for a writ of habeas corpus in a variety of circumstances. Some courts have done so in the "interest of judicial economy" and where the "issue is of general concern." (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order denying defendant's request to modify his jail term imposed pursuant to plea agreement as habeas petition where question of trial court's jurisdiction was matter of general concern and resolution would be in the interest of judicial economy]; see *Boyd, supra*, 103 Cal.App.5th at pp. 71-72 [treating appeal as habeas petition where the parties had briefed the legal question whether the trial court's correction of presentence custody credits required a full resentencing].) Likewise, where dismissal of a nonappealable order made in excess of a court's jurisdiction would be "manifestly unjust," treatment as a petition for a writ of habeas is appropriate. (*People v. Roe* (1983) 148 Cal.App.3d 112, 118 [Court of Appeal treated appeal from sentencing order made in excess of jurisdiction as habeas petition where trial court purported to modify defendant's sentence under former § 1170, subd. (d), but failed to do so within 120 days, because it "would be manifestly unjust to dismiss appeal"].) Another factor supporting treatment of an appeal as a habeas petition is where the law is uncertain as to whether the order is appealable. (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 789, fn. 3 [recognizing availability of habeas relief where appealability of an order denying a § 1170.126 petition was an undecided issue pending before the Supreme Court].)

All of these considerations support treatment of Singleton's appeal as a petition for habeas corpus. As discussed, dismissing Singleton's appeal from a void order increasing his sentence by three years without his presence would be manifestly unjust. Further, the parties have fully briefed whether the trial court had jurisdiction to modify Singleton's sentence; requiring Singleton to file a petition and the parties to again brief the jurisdictional issues would delay resolution of the case and consume judicial resources for no salutary purpose. And, as discussed, the Courts of Appeal are divided on whether a trial court has jurisdiction to correct an unauthorized sentence where section 1172.1, subdivision (a)(1), does not apply. Further, whether a trial court has jurisdiction to modify a defendant's sentence in response to a letter from CDCR pointing out a likely error in the sentence (absent a recommendation from the Secretary) raises an issue of general concern.

We therefore exercise our discretion to treat the appeal, in part, as a petition for a writ of habeas corpus to vacate the September 20, 2023 order. Because the trial court did not have fundamental jurisdiction to modify the order, we grant the petition and direct the court to vacate the modified sentence and reinstate the original sentence.[16]

---

[16] We do not reach Singleton's request that we order the trial court to conduct a full resentencing hearing in response to the CDCR letter. Our order directing vacatur of the September 20, 2023 modified sentence is without prejudice to Singleton, the People, the trial court, or CDCR seeking to correct Singleton's sentence through a lawful procedure.

24

## DISPOSITION

Singleton's appeal from the September 20, 2023 order modifying his sentence is dismissed.  We deem the appeal from the order, in part, a petition for a writ of habeas corpus to vacate the modified sentence, and we grant the petition.  We direct the trial court to vacate the September 20, 2023 sentence and to enter the original sentence imposed on September 21, 2018.  The superior court is ordered to forward a copy of the amended abstract of judgment to the CDCR.


FEUER, J.

We concur:


SEGAL, Acting P. J.


STONE, J.

25